## VANCE v. JONES et al.

No. 11858—Opinion Filed Sept. 25, 1923.

Rehearing Denied Oct. 30. 1923.

Second Rehearing Denied Feb. 3, 1925.

1. **Attorney and Client—Power to Receive Client's Money and Satisfy Judgment.**

An attorney and counselor has power to receive money claimed by his client in an action or proceeding, during the pendency thereof, or afterwards, unless he has previously been discharged by his client, and, upon payment thereof, and not otherwise, to discharge the claim or acknowledge satisfaction of the judgment.

2. **Same—Liability of Court Clerk Paying Money to Attorney.**

There is no cause of action against the clerk of a court of record, in favor of a litigant, because of the fact that the clerk paid to an attorney of record out of the judgment recovered and paid into court, his fee, under the terms of his contract of employment with the litigant.

(Syllabus by Jones, C.)

Commissioners' Opinion, Division No. 3.

Error from District Court, Payne County; Arthur E. Swank, Judge.

Action by Ollie E. Vance against Harry A. Jones and another. Judgment for defendants, and plaintiff brings error. Affirmed.

Walter Mathews, for plaintiff in error.

W. H. Wilcox, Higgins & Berton, and Henry Oursler, for defendants in error.

Opinion by JONES, C. This cause was instituted in the district court of Payne county, by plaintiff in error against the defendants in error, the court clerk of Payne county, and the New Amsterdam Casualty Company, a corporation, as surety on his official bond, for balance due him on a judgment rendered in his favor in said court, which had been paid to the court clerk by his judgment debtor.

Defendants in error, by their answer, admit that Harry A. Jones, one of the defendants. as court clerk of the district court of Payne county, received full payment of the judgment in favor of plaintiff, Ollie E. Vance, and the defendant, New Amsterdam Casualty Company, a corporation, admits that it is the surety on the official bond of said Harry A. Jones, clerk, and, further answering, the defendants sought to justify their failure to pay the balance in controversy, by reason of a purported order of the district court directing the payment thereof to one Henry Oursler, or his assigns, and allege that the plaintiff, Vance, owed this money to Henry Oursler by virtue of. the terms of two written instruments; copies of which are attached to defendants' answer.

The facts, as we gather them from briefs of plaintiff in error and defendants in error, disclose that the plaintiff in error, Ollie E. Vance, employed Mathews & Oursler, attorneys at law, to institute a certain suit for plaintiff, Vance, in the district court of Payne county, and that the said Vance entered into a written contract with said attorneys, whereby he agreed and bound himself to pay to them for their services as attorneys in representing the said Vance in said litigation, 50 per cent. of such amount as might be recovered. Subsequent to this agreement of employment and prior to the final determination of that suit, Mathews & Oursler dissolved partnership and entered into an agreement whereby there was a division of all suits then pending, which the firm had been employed to represent, so far as conducting said suits to final determination, but it was further agreed that each of the former members of the firm would retain his interest of one-half each in all fees thereafter collected by reason of the prosecution and final determination of all suits in which said firm had been employed..

The suit in question for Vance was prosecuted to final determination and a final judgment secured for $3,600 together with costs and interest at the rate of six per cent. per annum. The case was appealed to the Supreme Court of this state and at the time the judgment was paid to the clerk, Jones, the face of the judgment, together with interest and costs, amounted to $4,342.-35. The record discloses that at some time during the pendency of the suit brought for the benefit of Vance, Mr. Mathews, partner of Mr. Oursler, took the necessary steps to preserve the attorney's lien by indorsing 'lien claimed' on the judgment docket as provided by ,statute, claiming a lien for 50 per cent. of the amount recovered, and pending the appeal Mr. Oursler assigned his interest in the judgment to the Farmers' National Bank at Cushing. It appears that some time after the judgment was paid to the clerk, Jones, a controversy arose between the attorneys, former partners, Mathews & Oursler, as to whether or not Oursler was entitled to any fee in the case, and on one occasion when both of the attorneys and Vance seemed to have been present in the court clerk's office, the question arose, and the evidence of the court clerk, Jones, is to the effect that Vance said he only wanted 50 per cent. of the amount recovered, and that the balance belonged to the attorneys under their contract, but that he, Vance, thought that Mathews was entitled to collect the fee, he having represented him in that particular case, but expressed a willingness to accept 50 per cent. as his interest, and the clerk would have paid him at that time had it not been for the intervention and objection of the attorney, Mathews, to his client taking a part of the judgment in settlement, rather than demanding payment of the entire amount. At about this stage of the proceedings, Attorney Oursler filed a petition in the district court, asking the court to make a distribution of the money then in the clerk's hands in settlement of the judgment, asserting that he, Oursler, was entitled to receive the sum of $1,000 as his part of the fee in the case. The court directed that notice be given to the attorney, Mathews, which was done, notifying him that the application for distribution would be heard on a certain date and hour. The matter was heard on the date indicated on the notice given to Mathews. but neither Mathews nor Vance appeared. and on hearing of the application the court ordered and adjudged and directed the clerk to pay to the attorney, Oursler, $1,000, and thereafter this suit was instituted purporting to be by Vance, with Mathews as his attorney, in which Vance sues to recover the

$1,000, together with interest, against the clerk, Jones.

The case seems to have been submitted to the court and at the conclusion of the evidence offered by the plaintiff in error, the defendants interposed a demurrer to the evidence, which was by the court sustained, and judgment rendered against the plaintiff and in favor of the defendants.

Plaintiff in error fails to recite any portion of the assignment of error in his brief, and we are writing this opinion without the aid of the record as disclosed by the case-made, same having been withdrawn from the office of the clerk of the Supreme Court by plaintiff in error, who, although duly notified, has neglected to return same, and this appeal might very properly be dismissed on account of the failure of plaintiff in error to comply with Rule No. 26 of this court, in that he fails to set forth specifications of error in his brief, but we have chosen to dispose of the case on its merits, and as we glean from brief `of plaintiff in error, the contention relied upon is, that the court was without authority or jurisdiction to make the order complained of, directing the clerk to pay the money to Mr. Oursler, for the reason that more than two years had elapsed since the rendition of the judgment. The case had been appealed to the Supreme Court and the judgment there affirmed and mandate returned to the trial court. There may be some merit in this contention, but we think it is not material in this case, for the reason that the record discloses that the plaintiff in error, Vance, who was also the plaintiff in the original case referred to, has no real interest in this litigation, he having received all that he was entitled to under the contract with his attorneys, and all that he has ever claimed. He did not testify in this case and was not present at the trial, and he evidently has no interest and has never ma~i꜠ed any interest in the prosecution of his case. It is clearly a controversy between the two lawyers, and regardless of whether the order made by the court was with, or without jurisdiction, there would be no liability against Jones, the clerk, or his sureties as such, in this controversy, even though an order had been made by the court directing the payment of the $1,000 to Oursler. The contract of employment of the attorneys by Vance and the contract of dissolution by the attorneys Mathews & Oursler clearly show that Oursler was entitled to participate in the fee to the extent of a one-half interest, as an attorney of record in the case, and there would be no liability on the part of the clerk, had he paid the entire amount received in settlement of the judgment to Oursler, one of the attorneys in the case; and his assigns would likewise be entitled to that interest. And in view of the attitude of the plaintiff in error, Vance, in that he makes no contention as to the validity of the contract of employment, wherein he agreed to pay 50 per cent. of the amount recovered as attorney's fee, no showing made that any subsequent agreement was ever made changing the terms of the original agreement, no contention that the attorney, Oursler, had ever been discharged, and he, Vance, making no contention that he was entitled to collect, or be paid the entire amount of the judgment, it is conclusive to the minds of this court that there is no merit in this appeal, and that the trial court was fully justified in sustaining the demurrer to the evidence of the plaintiff.

The real controversy here is between the attorneys, Mathews and Oursler, as to a disposition of the fee which they are entitled to in the original suit, and that matter cannot be litigated and determined by reason of the institution of this suit. We think the issues heretofore discussed are decisive of the rights of the parties to the controversy, and therefore make no further mention of the other contentions made.

We, therefore, recommend that the case be affirmed.

By the Court: It is so ordered.